UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CALAMAR CAPITAL SERVICES, LLC,
N.A. REALTY FUND II, LLC, and
INDICAL PARTNERS, LLC,

                          Plaintiffs,

        v.

BCMK INVESTMENT HOLDINGS, LLC,
BRENT E. CAREY, and
INDIGO GLOBAL DESIGNERS, LLC,

                          Defendants.
_____

**REPORT and RECOMMENDATION**

**24-CV-684-JLS-LGF**

In this removal action based on diversity, alleging various claims including, *inter alia*, breach of contract, all three Plaintiffs are limited liability companies. "It is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (internal citations omitted). Limited liability companies, as artificial entities, also can only appear through counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney."). Accordingly, because Plaintiffs are limited liability companies, they may appear in court only through counsel.

On July 29, 2024, Defendants moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the action for failure to state a claim (Dkt. 7) ("Defendants' motion"). On October 4, 2024, Plaintiffs filed papers opposing Defendants' motion (Dkt. 18). On November 15, 2024, Defendants filed their reply in further support of dismissal (Dkt. 23).

By papers filed December 18, 2024 (Dkt. 25), Plaintiffs' former counsel, Anthony

J. Colucci, III, and Paul G. Joyce, both of counsel to Colucci & Gallaher, P.C. ("Plaintiffs' former counsel"), moved to withdraw as Plaintiffs' counsel of record ("former counsel's motion").  In an affidavit dated February 11, 2025, and filed March 20, 2025 (Dkt. 34), responding to former counsel's motion, Plaintiffs requested the court grant Plaintiffs' former counsel's motion and allow Plaintiffs 45 days to secure new counsel.  In a Decision and Order filed March 25, 2025 (Dkt. 35) ("D&O"), the undersigned granted former counsel's motion, and also granted Plaintiffs' 45 days to secure new counsel, but as of May 29, 2025, no new counsel had appeared on Plaintiffs' behalf.

Because Plaintiffs, as limited liability companies, can only appear through counsel, in an Order to Show Cause filed May 29, 2025 (Dkt. 37) ("OTSC"), the undersigned ordered Plaintiffs to show cause by June 16, 2025 whether new counsel has been retained and entered an appearance pursuant to Local R. Civ. P. 83.2(b), or if not, why this action should not be dismissed under Fed.R.Civ.P. 41(b) ("Rule 41(b)") for failure to prosecute.  To date, new counsel has yet to appear for Plaintiffs, nor have Plaintiffs otherwise responded to the OTSC.  By letter to the undersigned filed June 24, 2025 (Dkt. 38), Defendants request the court dismiss the action for failure to prosecute in light of Plaintiffs' failure to respond to the OTSC.

Rule 41(b) permits the court to dismiss an action if a plaintiff fails to prosecute or comply with a court order.  Further, "'[w]here a corporate plaintiff fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) . . . is appropriate.'" *Jim Mazz Auto, Inc. v. City of Buffalo*, 2023 WL 2501043, at * 4 (W.D.N.Y. Mar. 14, 2023) (quoting *Schwartzman v. Label, LLC*, 2020 WL 1034373, at *1 (S.D.N.Y. Jan. 22, 2020) (internal quotation marks and citation omitted) (collecting cases)).  "[T]he power

2

of a district court to take such action—while explicitly sanctioned by Rule 41(b)—'has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). Nevertheless, "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Id*. at 575-76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotation omitted)).

In considering dismissal for failure to prosecute, a court must consider five factors including whether:

> (1) the plaintiffs' failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Courts "almost exclusively" apply these factors to "instances of litigation misconduct such as failure to comply with a scheduling order or timely to respond to pending motions." *Lewis*, 564 F.3d at 576. No single factor is dispositive as the determination whether to dismiss a case for failure to prosecute depends on the factual circumstances in the case at hand. *Id.* Here, each of these five factors weighs in favor of dismissal.

With regard to the first factor, other than filing on March 20, 2025, an affidavit (Dkt. 34), indicating Plaintiffs do not oppose the withdrawal of counsel but requesting 45 days to obtain new counsel, Plaintiffs have not requested an extension of time to obtain new counsel. Although Plaintiffs did respond to Defendants' pending motion to dismiss,

3

"the duration factor is of limited significance where a party deliberately disobeys court orders." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (considering the plaintiff's delay in prosecution "particularly egregious" because the delay also violated court orders)). Here, Plaintiffs have twice violated orders to obtain counsel, including in the D&O (granting Plaintiffs 45 days to obtain new counsel), and the OTSC (allowing more than two weeks for Plaintiffs to obtain new counsel). The first factor thus weighs in favor of dismissal.

The second factor pertaining to notice also weighs in favor of dismissal. In particular, it is undisputed that Plaintiffs have twice been directed to obtain new counsel including in the D&O and the OTSC. Further, in the OTSC, Plaintiffs were specifically advised that unless new counsel appeared for Plaintiffs, the action would be subject to dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Moreover, because Plaintiffs' former counsel no longer represent Plaintiffs, the D&O and the OTSC were mailed to Plaintiffs' in-house general counsel on March 25, 2025 (D&O) and May 29, 2025 (OTSC), and neither document was returned as undeliverable. Plaintiffs thus were on notice that further delay in obtaining new counsel would result in dismissal.

Regarding the third factor, prejudice in this case can be presumed based on unreasonable delay. *See Peart*, 992 F.2d at 462 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants from unreasonable delay may be presumed . . . .")). Here, Plaintiffs have twice defied court orders to obtain new counsel without any explanation for doing so or a further request for an extension of time. The third factor thus supports dismissal.

4

As regards the fourth factor pertaining to the need to alleviate court calendar congestion, although this action has not been scheduled for trial, that the parties have yet to participate in discovery can be construed as indicating Plaintiffs do not wish to pursue their claims.  *See Jim Mazz Auto, Inc.*, 2023 WL 2501043, at *3 (considering the corporate plaintiffs' failure to obtain new counsel "suggest[ ] that Plaintiffs no longer wish to have their day in court.").  "With the court calendar for the Western District of New York being one of the more heavily congested in the country, dismissal of the instant action will permit the court to devote more resources to other actions."  *Leroy v. Amedisys Holding LLC*, 2024 WL 3951985, at *2 (W.D.N.Y. July 2, 2024) (citing *Shapiro v. Darel*, 2023 WL 5533501, at * 2 (W.D.N.Y. Aug. 4, 2023) ("The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases."), *report and recommendation adopted* 2023 WL 5532320 (W.D.N.Y. Aug. 28, 2023)), *report and recommendation adopted*, 2024 WL 3950588 (W.D.N.Y. Aug. 26, 2024). The fourth factor thus weighs in favor of dismissal.

The final factor requiring the court consider the efficacy of lesser sanctions weighs in favor of dismissal.  Although a monetary sanction such as a fine or award of attorney fees may compensate Defendants for their costs incurred in defending this action, nothing indicates such sanction would spur Plaintiffs to resume actively prosecuting this case by obtaining new counsel.  *See Randolph v. Griffin*, 2021 WL 795311, at * 3 (W.D.N.Y. Mar. 2, 2021) ("no lesser sanction would be appropriate as [the plaintiff's] repeated failure to comply with this Court's multiple dismissal warnings demonstrates that lesser sanctions would be ineffective") (quoting *Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (holding "it is ... unclear that a

'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice)).

All five factors thus weigh in favor of dismissing this action for failure to prosecute.

## CONCLUSION

Based on the foregoing, it is recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. The Clerk of Court is directed to send a copy of this Report and Recommendation *via* first class U.S. Mail to Plaintiffs to Calamar Capital Services, LLC, N.A. Realty Fund II, LLC, and Indical Partners, LLC, Attn: Cheryl Green, Corporate General Counsel, 3949 Forest Parkway, Suite 100, Wheatfield, New York 14120.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: June 26, 2025
Buffalo, New York

6

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiffs and to the attorneys for Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 26, 2025
         Buffalo, New York